UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In the Matters of:

TAMIKA KING,                         Bankruptcy Case No. 17-31741-BEH
(Chapter 7)

    Debtor.

TATIANA TAYLOR,                 Bankruptcy Case No. 18-26201-BHL
(Chapter 7)

    Debtor.

---

**UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF RECOMMENDATION THAT CASE BE CERTIFIED TO THE DISTRICT COURT FOR PROSECUTION OF POSSIBLE CRIMINAL CONTEMPT OF PRIOR BANKRUPTCY COURT ORDER AND PROPOSED FIDINGS OF FACT FOR REPORT TO DISTRICT COURT**

---

The United States Trustee, Patrick S. Layng, by Attorney Laura D. Steele, submits the following memoranda and proposed findings of fact in support of his recommendation that the Court certify the actions of bankruptcy petition preparer Carolyn A. Word (aka Carolyn A. Dixon)[1] to the District Court for prosecution of possible criminal contempt of a prior bankruptcy court order. The parties have previously submitted a stipulation outlining agreed facts and imposition of civil fines under 11 U.S.C. § 110. Case No. 17-31741 at Docket No. 94.

*Grounds for Referral to District Court*

The United States Trustee's recommendation is the culmination of a long history of evasion by Carolyn A. Word over the course of a decade.

---

[1] Carolyn A. Word has used the names Carolyn A. Dixon, and Carolyn A. Word-Dixon. For the purposes of this stipulation, all references will be to Carolyn A. Word.

Attorney Laura D. Steele
Office of the United States Trustee
517 East Wisconsin Avenue, Room 430
Milwaukee, WI 53202
Phone: 414-297-4499; Fax: 414-297-4478

In 2008, the United States Trustee filed a complaint under 11 U.S.C. § 110 against Tiffany Little and Carolyn A. Word (aka Carolyn Dixon at that time). *Neary v. Little*, Case No. 08-2278-pp; (Case No. 17-31741, Docket No. 69, Exhibit 103)[2]. In March 2009, the United States Trustee filed a stipulation with Carolyn A. Word, enjoining her from engaging in conduct violation of 11 U.S.C. § 110. *Exhibit 104*. Yet, she continued to violate § 110 by charging a fee in excess of the $75 presumed reasonable fee and failing to disclose her involvement in the bankruptcy cases of *Keakethia Bracken*, Case No. 10-25527-jes; *Pamela R. Rideout*, Case No. 10-26169-pp; *Christine Billos*, Case No. 10-29098-svk; and *In re Tamara Wallace* 10-32964-pp. *Exhibit 126*. This conduct resulted in the United States Trustee bringing a second complaint to enjoin Carolyn A. Word's conduct in violation of 11 U.S.C. § 110. *Neary v. Dixon*, Case No. 10-2465-pp (Lead case: *In re Tamara Wallace* 10-32964-pp). The Court granted the injunction. *Exhibit 105-106.*

The Court then issues a show cause order in *In re Lashelle White*, Case No. 11-36132-pp, for Carolyn A. Word's failure to disclose her involvement as a bankruptcy petition preparer in that case. *Exhibit 107*. Carolyn A. Word appears via telephone at the show cause hearing, and Judge Pepper specifically states the terms of the injunction order in effect against her. Court minutes from this show cause hearing note there has not been proof of service of the Court's Order for fines and permanent injunction against Carolyn A. Word. The United States Trustee's counsel recites the extensive efforts made to serve Carolyn A. Word with the injunction order, which includes eight attempts by a process server and ultimately requires service by the U.S. Marshals Service. *Exhibits 108-110.*

In the most recent history, the United States Trustee attempted to examine Carolyn A. Word with regard to the bankruptcy case of Tamika L. King, Case No. 17-31741-beh pursuant to

---

[2] All exhibit citations relate to *In re Tamika King,* Case No. 17-31741 Docket No. 69.

Fed. R. Bankr. P. 2004. Debtor King indicated that she had paid $525 to a bankruptcy petition preparer named Carolyn and produced a receipt from "2nd Chance Credit Coaching" (an entity operated by Carolyn A. Word). Docket No. 15-1. King further provided a telephone number associated with Carolyn A. Word to the Court. The United States Trustee sought to use Rule 2004 to determine whether the "Carolyn" involved in King's case was the enjoined Carolyn A. Word. *Exhibits 112-115*.

The United States Trustee was unable to compel Carolyn A. Word to appear for two scheduled Rule 2004 exams. Case No. 17-31741, Docket Nos. 25, 27. The United States Trustee's counsel made telephonic contact with Carolyn A. Word on April 2, 2018. In that conversation, Carolyn A. Word denied knowing King. The United States Trustee's counsel advised Carolyn A. Word of the Injunction order, and that she still needed to appear to answer the United States Trustee's questions on the record, and that if necessary, a mutually agreeable date could be arranged. *Exhibits 116-117, 126*.

Still, the United States Trustee could not obtain Carolyn A. Word's appearance and eventually sought the assistance of the Court to bring Carolyn A. Word before it to determine whether she acted as the bankruptcy petition preparer in the King case. Case No. 17-31741, Docket No. 34. The Court granted the United States Trustee's request and set a show cause hearing for August 15, 2018. Docket No. 48. The United States Trustee employed the services of the U.S. Marshals Service to personally serve the show cause order upon Carolyn A. Word. Process of that order was completed on July 10, 2018 at Carolyn A. Word's residence. *Exhibit 102*.

In the interim, the United States Trustee discovered that Carolyn A. Word acted as bankruptcy petition prepare in the Tatiana Taylor case, Case No. 18-26201-bhl. On July 30, 2018, the Debtor appeared before Chapter 7 Trustee Andrew Herbach for her 11 U.S.C. § 341 meeting

3

of creditors and testified that she paid Carolyn A. Word to prepare her bankruptcy schedules and petition. Carolyn A. Word specifically instructed Taylor not to disclose this information to the trustee or to the Court. *Exhibits 119-125.*

What is most perplexing is that the Taylor case was filed on June 22, 2018—a date following the United States Trustee's myriad attempts to obtain Carolyn A. Word's appearance at a Rule 2004 exam; and even after the April 2, 2018 telephonic conversation with the United States Trustee in which counsel for the United States Trustee explained the injunction order in effect upon Carolyn A. Word.

On July 31, 2018, the United States Trustee moved forward with motions pursuant to 11 U.S.C. § 110 in both the King and Taylor cases seeking disgorgement of fees and sanctions. The Court set the motions for evidentiary hearing to be held on August 15, 2018.

On August 13, 2018, Carolyn A. Word notified the Court that she had retained counsel and requested an adjournment. Docket No. 62.

The United States Trustee was finally able to proceed with his requested Rule 2004 exam on August 31, 2018. *Exhibit 118.*

At that examination, the United State Trustee inquired into whether Carolyn A. Word had knowledge of the 2010 Injunction Order. Despite appearing at a telephone hearing conducted by Judge Pepper on January 13, 2012 (*In re Lashelle White*, Case No. 11-36132-pp), in which Judge Pepper specifically advised Carolyn A. Word of the injunction against her, and despite being personally served with the Injunction order by the U.S. Marshals Service on January 17, 2012, Carolyn A. Word denied having knowledge of the injunction against her. Carolyn A. Word further testified she was not familiar with the address at which the U.S. Marshals Service completed personal service. *Exhibit 118.*

4

Following the Rule 2004 exam, the United States Trustee obtained documentation verifying that the address at which the U.S. Marshals Service personally served Carolyn A. Word was the address of her employment at that time. *Exhibit 111*. This documentation directly contradicted Carolyn A. Word's testimony at the Rule 2004 exam. Carolyn A. Word has now stipulated that she had knowledge of the injunction order at least as of January 17, 2012. Docket No. 94 at ¶ 4.

The above recitation of facts illustrates the extreme evasiveness of Carolyn A. Word and the myriad resources of the United States Trustee, the U.S. Marshals Service, and this Court that have been required to ensure Carolyn A. Word complies with this Court's orders and 11 U.S.C. § 110. Carolyn A. Word's actions, in turn, warrant a strong response from this Court.

### *Recommended Certification to the District Court*

The above facts demonstrate that Carolyn A. Word was fully aware that she was barred from offering bankruptcy petition preparation services in this district, yet brazenly ignored that order—not only by failing to satisfy the original $4,500 fine, but also by continuing to offer bankruptcy petition preparation services. The inference is that Carolyn A. Word believed she would skirt the Court's detection because she intentionally did not comply with any of the required disclosures under 11 U.S.C. § 110. Even more egregious, she intentionally instructed Debtor Tatiana Taylor to lie to this Court about her bankruptcy petition preparation services. Given Carolyn A. Word's intentional violation of the Court's October 27, 2010 injunction order, the United States Trustee recommends that the Court certify this case to the District Court for the Eastern District of Wisconsin for possible prosecution of Carolyn A. Word's criminal contempt of the Court's injunction.

There are two distinct forms of contempt sanction, civil and criminal. The distinction between the two is the purpose of the relief sought. If the relief sought is to coerce compliance with a court's order, the nature of the remedy is civil. If the relief sought is punitive, crafted to preserve the authority of the court or to deter future conduct, the nature of the remedy is criminal. *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001); *See also, Mann v. Calumet City, Ill.*, 588 F.3d 949, 955 (7th Cir. 2009).

To establish civil contempt, each of the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by their conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result. *Manz v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578, 590-591 (7th Cir. 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000)).

Carolyn A. Word's actions support a finding of civil contempt. She had clear notice of the Injunction order given that she was personally served at her place of employment by the U.S. Marshals Service. The injunction was lawful as it was imposed under § 110. The United States Trustee obtained the injunction from the Court to protect the public interest. *See, In re South Beach Secs. Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (Posner, J.) (The United States Trustee is "the congressionally ordained watchdog – he has a statutory interest in making sure that bankruptcy law isn't abused.").

To establish criminal contempt, there are three essential elements. They are: (1) there must be a violation; (2) that is willful; and, (3) of a clear and reasonably specific lawful order. *U.S. v. Hoover,* 240 F.3d 593, 596 (7th Cir. 2001); and*, See*, 18 U.S.C. § 401(3).

Carolyn A. Word's actions also support a finding of criminal contempt. She has clearly violated the Court's Injunction. The Court's Injunction is clear in its language and lawfully entered pursuant to § 110. Finally, there can be no doubt as to the willfulness of Carolyn A. Word's conduct. She was aware of the Court's Injunction and chose to "comply" by intentionally concealing her assistance in the bankruptcy case of Tatiana Taylor. Certainly Carolyn A. Word knew of the illegal nature of her continuing to act as a bankruptcy petition preparer in this district.

As a result, a more severe remedy may be appropriate to deter future conduct by Carolyn A. Word which violates the Court's orders, and also to coerce her to comply with the terms of her stipulation with the United States Trustee for disgorgement of fees and payment of fines.

Courts generally agree that bankruptcy courts do not have the power to impose sanctions for criminal contempt. *Matter of Graybill Corp.*, 967 F.2d 1152, 1157 (7th Cir. 1992) (citing with approval *In re Hipp, Inc.*, 895 F.2d 1503, 1521 (5th Cir. 1990) for the proposition that bankruptcy courts have no inherent criminal contempt power). Regardless of the possible limitation on bankruptcy courts' authority, there is little doubt that a District Court can hear criminal cases based upon criminal contempt of a bankruptcy court's order. The District Court has exclusive and original jurisdiction over all cases arising under the bankruptcy code. 28 U.S.C. § 1334(a). Per 28 U.S.C. § 151 a bankruptcy court is a "unit" of the District Court. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 912 (7th Cir. 2001). It has been held that the District Court can therefore hear criminal contempt cases based upon bankruptcy court orders. *U.S. v. Guariglia*, 962 F.2d 160, 162 (2nd Cir. 1992) and *U.S. v. Lawrence*, 54 F.3d 777 (6th Cir. 1995).

As a result of the limitation of this Court's contempt powers, the United States Trustee recommends that, if the Court finds there is probable cause to believe Carolyn A. Word is guilty of criminal contempt, the Court certify this matter to the United States District Court for the

7

Case 18-26201-beh    Doc 51    Filed 03/22/19    Page 7 of 11

Eastern District of Wisconsin for possible prosecution. The United States Trustee offers the following proposed findings of fact which the Court may adopt in its report to the District Court:

### *Proposed Findings of Fact Demonstrating Intentional Conduct*

1. On October 27, 2010, Judge Pamela Pepper entered an Order permanently enjoining Carolyn A. Word from acting as a bankruptcy petition preparer in the bankruptcy courts for the Eastern District of the State of Wisconsin and "from acting in any manner to assist, advise, or aid any other person to act as a bankruptcy petition preparer as that term is defined by 11 U.S.C. § 110." The Order further required Carolyn A. Word to pay $4,500 in fines to the United States Trustee within 60 days of the Court's Order. *Neary v. Dixon*, Adversary Case No. 10-2465-pp, Docket No. 7. Exhibit No. 1, Docket No. 69 in *In re King*, 17-31741-beh. (Stipulation, Case No. 17-31741, Docket No. 94 at ¶ 1, hereinafter "Stipulation").

2. The U.S. Marshals Service personally served the Order for injunction upon Carolyn A. Word on January 17, 2012. *In re Lashelle White*, Case No. 11-36132-pp at Docket No. 20. Exhibit No. 2, Docket No. 69 in *In re King*, 17-31741-beh. (Stipulation at ¶ 3).

3. Carolyn A. Word has been fully aware of the injunction order since January 17, 2012. (Stipulation at ¶ 4).

4. Carolyn A. Word did not pay the $4,500 fine to the United States Trustee as ordered by Judge Pepper. (Stipulation at ¶ 5).

5. Following entry of the Court's Order, Carolyn A. Word continued to prepare bankruptcy petitions in this district in the following cases: a. *In re Lashelle White*, Case No. 11-36132-pp; and b. *In Re Tatiana Taylor*, Case No. 18-26201-bhl. c

6. Debtor Tatiana Taylor filed a Chapter 7 petition on June 22, 2018. Case No. 18-26201-bhl. (Stipulation at ¶ 15).

8

7. Carolyn A. Word prepared the bankruptcy petition, schedules and statements for Debtor Tatiana Taylor. (Stipulation at ¶ 16).

8. Carolyn A. Word provided a copy of the business policy for "2nd Chance Credit Coaching" representing that she is "a petition preparer not a lawyer," instructions regarding completing credit counseling, and information regarding the automatic stay to Debtor Tatiana Taylor. (Stipulation at ¶ 17).

9. Carolyn A. Word intentionally did not disclose to the Court her involvement in preparing Debtor Tatiana Taylor's bankruptcy petition, schedules and statements. (Stipulation at ¶ 18).

10. Carolyn A. Word intentionally did not complete the required Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119). (Stipulation at ¶ 19).

11. Debtor Tatiana Taylor paid Carolyn A. Word a total of $400 for preparing the bankruptcy petition, schedules and statements. (Stipulation at ¶ 20).

12. Carolyn A. Word intentionally did not disclose the $400 fee to the Court. Carolyn A. Word intentionally did not complete the required Official Form 2800. (Stipulation at ¶ 21).

13. Carolyn A. Word intentionally did not complete the required Official Form 2800. (Stipulation at ¶ 22).

14. Carolyn A. Word intentionally advised the Debtor Tatiana Taylor not to disclose Word's involvement as a petition preparer to the bankruptcy trustee or the Court. (Stipulation at ¶ 23).

15. Carolyn A. Word intentionally did not disclose her role as bankruptcy petition preparer in Debtor Tatiana Taylor's bankruptcy case. (Stipulation at ¶ 24).

16. Carolyn A. Word intentionally violated the Court's October 27, 2010, injunction

order. (Stipulation at ¶ 25).

17. Carolyn A. Word has agreed to disgorge fees and pay fines as detailed in the parties' stipulation. (Stipulation at ¶¶ 26-30).

///


Dated: March 22, 2019.

>Respectfully Submitted,
>PATRICK S. LAYNG
>United States Trustee


>_____
>LAURA D. STEELE
>Attorney for the United States Trustee

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 22, 2019, the UNITED STATES TRUSTEE'S MEMORANDUM IN SUPPORT OF RECOMMENDATION THAT CASE BE CERTIFIED TO THE DISTRICT COURT FOR PROSECUTION OF POSSIBLE CRIMINAL CONTEMPT OF PRIOR BANKRUPTCY COURT ORDER AND PROPOSED FIDINGS OF FACT FOR REPORT TO DISTRICT COURT was electronically filed with the Clerk of Court using the CM/ECF system and was served, via U.S. mail, the on the following parties:

Carolyn Word
a/k/a Carolyn Dixon
5371 N. 61st Street
Milwaukee WI 53218

Tamika L. King
2820 N. Palmer Street
Milwaukee, WI 53212

Tatiana Taylor
1943 S. 102nd Street
West Allis, WI 53227

March 22, 2019.

                                                            _____
                                                            LAURA D. STEELE
                                                            Attorney for the United States Trustee